**Harriett L. McMILLIAN,**
**Plaintiff–Appellant,**

v.

**Gerald N. SVETANOFF, Judge,**
**Defendant–Appellee.**

No. 88–2335.

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1989.

Decided June 6, 1989.

As Amended Aug. 14, 1989.

John O. Moss, Indianapolis, Ind., for plaintiff-appellant.

Arthur Thaddeus Perry, Deputy Atty. Gen., Office of the Atty. Gen., Indianapolis, Ind., for defendant-appellee.

Before BAUER, Chief Judge, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

This case is before us for the second time. The first time we held that Judge Svetanoff was not immune from being sued under 42 U.S.C. §§ 1981 and 1983 for race discrimination and for violations of the first and fourteenth amendments in connection with the termination of the plaintiff, a court reporter. *McMillian v. Svetanoff*, 793 F.2d 149 (7th Cir.), *cert. denied*, 479 U.S. 985, 107 S.Ct. 574, 93 L.Ed.2d 577 (1986). On remand, the district court granted summary judgment to Judge Svetanoff on all of Ms. McMillian's claims. Ms. McMillian has appealed that decision and we affirm.

## I.

Harriett McMillian was hired by the Superior Court of Lake County, Indiana, as a court reporter in February, 1973 and was assigned to courtroom 4. Ms. McMillian was the first, and only, black person to hold the position of court reporter in Lake County. By all indications, Ms. McMillian's work record was spotless.

In 1981, Gerald Svetanoff (hereinafter "Judge Svetanoff"), a white male, was appointed by Governor Robert D. Orr, a Republican, to be a judge in the Superior Court of Lake County and was assigned to courtroom 4. Judge Svetanoff, upon assuming office, terminated the employment of all of the court personnel associated with courtroom 4 including the plaintiff.[1] At the time, Ms. McMillian was the only black person assigned to courtroom 4.

In place of the plaintiff, Judge Svetanoff hired Emily Trgovich, a white female, as his court reporter. Judge Svetanoff was familiar with Ms. Trgovich and her work because she had previously worked as a secretary at a law firm with which the judge was associated. Judge Svetanoff, in an interrogatory answer, explained his decision to hire Ms. Trgovich this way:

> My present reporter, Emily Trgovich, had the skills required for the position of reporter. Moreover, I was familiar with her work and her skills.... Along with the skills of the job, her personal qualities were well suited to the position. These included an ability to relate well with people and to work cooperatively with others, as well as the ability and disposition to attend to the details of the job without strict supervision: that is, she had a great deal of initiative.

Judge Svetanoff also replaced the other personnel formerly associated with courtroom 4, with the exception of Mary Slafindor, a white woman, who was re-hired for her former position. Other facts which are salient to this appeal will be developed as required.

Shortly after learning that she had been terminated, Ms. McMillian filed this action in federal district court. Ms. McMillian's complaint alleged that her termination violated federal law in three discrete ways. First, she alleged that she was terminated by Judge Svetanoff because of her race in violation of the fourteenth amendment and 42 U.S.C. § 1981. Second, Ms. McMillian claimed that her termination was motivated by her affiliation with the Democratic Party and thus violated her first amendment right to freedom of association. Finally, Ms. McMillian averred that her firing violated the due process clause of the fourteenth amendment because Judge Svetanoff failed to provide her with a pre-termination hearing. The district court granted summary judgment to Judge Svetanoff on each of these claims and Ms. McMillian has appealed.

■ We review the district court's decision to grant summary judgment *de novo* and utilize the same standard of decision-making as that employed by the district court. *Christianson v. Colt Industries Operating Corp.*, 870 F.2d 1292, 1299 (7th Cir.1989). Thus, we will affirm the grant of summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c). A party faced with a motion for summary judgment who bears the burden of proof on a particular issue may not rest on its pleadings but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ We recognize that summary judgment is frequently inappropriate in discrimination cases because intent, and therefore credibility, is often a crucial issue. Nevertheless, we have recently made clear that while we approach the question of summary judgment with "special caution" in discrimination cases, *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988), we will not hesitate to affirm the grant of summary judgment where the plaintiff presents no indication of the defendant's motive or intent to support his or her position. *Id.; Freidel v. City of Madison*, 832 F.2d 965, 972 (7th Cir.1987). Thus, for example, if a plaintiff in a discrimination case is unable to present any evidence to

---

1. As we stated in our previous opinion: "In practice each judge employs the staff for his or her own courtroom subject to the approval of the senior judge. Court reporters serve a partic- ular judge, but are occasionally rotated through other chambers and also do work for other attorneys." *McMillian*, 793 F.2d at 150.

create a genuine issue as to whether the defendant's articulated reason for the firing is the real reason, then summary judgment will be appropriate.

## II.

Ms. McMillian claims that she was terminated from her position as a court reporter because of her race in violation of the fourteenth amendment and § 1981. We analyze such claims by utilizing the well-known shifting burdens test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). That test requires us to first ask whether the plaintiff can establish a prima facie case of discrimination. To establish a prima facie case a plaintiff must show:

> "that he or she is a member of a protected class, that he or she is otherwise similarly situated to members of the unprotected class, and that he or she was treated differently from members of the unprotected class."

*Collins v. State of Illinois*, 830 F.2d 692, 698 (7th Cir.1987) (quoting *Ramsey v. American Air Filter Co.*, 772 F.2d 1303, 1307 (7th Cir.1985)). If the plaintiff is successful in establishing a prima facie case, the burden of production then shifts to the defendant to articulate, through the introduction of admissible evidence, a legitimate non-discriminatory reason for the termination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). Assuming that a reason is articulated, the burden then shifts back to the plaintiff to show that the articulated reason was not the true reason for the termination. *Id.* at 256, 101 S.Ct. at 1095. The plaintiff can do that by showing either that the articulated reason is false or by showing that a discriminatory reason more likely motivated the defendant. *Id.* At all times the ultimate burden rests with the plaintiff to show that her termination was the product of racial discrimination. *Id.* at 253, 101 S.Ct. at 1093.

In this case it is uncontested that Ms. McMillian can successfully establish a prime facie case of race discrimination. Ms. McMillian is black and therefore a member of a protected class. There is no dispute that Ms. McMillian was highly qualified for the job of court reporter and had been performing that job satisfactorily at the time she was fired. Finally, unlike Mary Slafindor, a white person who was re-hired to her former position by Judge Svetanoff, Ms. McMillian was terminated, and not re-hired, upon the start of Judge Svetanoff's tenure. Thus, the burden of production shifted to Judge Svetanoff to articulate a legitimate non-discriminatory reason for the plaintiff's discharge.

In this case, Judge Svetanoff has articulated a legitimate non-discriminatory reason for the plaintiff's discharge. Judge Svetanoff stated, in answer to plaintiff's interrogatories, that he terminated Ms. McMillian because he wished to hire Emily Trgovich, a woman with whom the judge had successfully worked in the past. That explanation is a legitimate reason for plaintiff's termination. An employer, even a public employer such as the judge, is free to choose among qualified candidates so long as that choice is not based on unlawful criteria. *Burdine*, 450 U.S. at 259, 101 S.Ct. at 1096; *Christiansen v. Equitable Life Assurance Soc. of U.S.*, 767 F.2d 340, 343 (7th Cir.1985), *cert. denied*, 474 U.S. 1102, 106 S.Ct. 885, 88 L.Ed.2d 920 (1986) (subjective determinations of employer can be a legitimate basis for terminating one employee and hiring someone else). Thus, the burden of production shifted back to Ms. McMillian to prove that this reason was either unworthy of credence or that discriminatory reasons more likely motivated the defendant.

The plaintiff was unable to produce any evidence to rebut Judge Svetanoff's articulated reason for the termination. Ms. McMillian provided no evidence to show either that Judge Svetanoff was not familiar with Ms. Trgovich's work or that Judge Svetanoff and Ms. Trgovich did not actually work well together. Also, the plaintiff failed to produce evidence to show that her termination was actually based on a discriminatory motive. First, Ms. McMillian pointed out that Mary Slafindor was re-

hired while she was not. Yet it was undisputed that Mary Slafindor was terminated along with the rest of the former staff and was reinstated only because she was the only person to apply for her former position. Second, plaintiff claimed that several previous encounters between Judge Svetanoff and herself evidenced his racial animus. For example, plaintiff alleged that while she was a court reporter and Judge Svetanoff was in private practice, the judge entered courtroom 4 to ask a question. Ms. McMillian alleges that she gave the judge the answer but that, not trusting her answer, he then asked a white bailiff who was present in the court the same question. This episode at best exemplifies the plaintiff's subjective belief that Judge Svetanoff was racially biased. Such subjective beliefs of the plaintiff, however, are insufficient to create a genuine issue of material fact. *See Andre v. Bendix Corp.*, 841 F.2d 172, 176 (7th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 144, 102 L.Ed.2d 116 (1988).

In sum, because Ms. McMillian was unable to create any genuine issue of material fact as to the veracity of the defendant's articulated non-discriminatory reason for terminating her, summary judgment was appropriately granted on the race discrimination claim.

### III.

 Ms. McMillian next argues that the district judge erred in granting summary judgment to Judge Svetanoff on her claim

of discrimination based on political affiliation. In her complaint, plaintiff alleged that Judge Svetanoff, a Republican, fired her from her job because she was a Democrat, in violation of the first amendment. It is undisputed that this allegation states a cause of action under § 1983. In *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), the Supreme Court held that the first amendment is violated when a public employee is terminated because of his or her political associations.[2] Thus, if Ms. McMillian was terminated because she was a supporter of the Democratic Party, then that termination violated the first amendment.

The burden of proving that the termination was motivated by political affiliation is borne, initially, by Ms. McMillian. Specifically, Ms. McMillian had the burden of proving by a preponderance of the evidence that her "political affiliation was a motivating factor in bringing about the discharge." *Patkus v. Sangamon–Cass Consortium,* 769 F.2d 1251, 1259 (7th Cir.1985); *see also Hermes v. Hein,* 742 F.2d 350, 353 (7th Cir.1984); *Nekolny v. Painter,* 653 F.2d 1164, 1168 (7th Cir.1981). If Ms. McMillian can show that her political affiliation was a motivating factor in her termination, then the burden of proof shifts to the defendant to show that the termination would have occurred even if political affiliation had not been taken into account. *Nekolny,* 653 F.2d at 167.[3]

**2.** The Court also held that no violation of the first amendment occurs if the person who is terminated occupies a policymaking position or a position of confidence. *Elrod,* 427 U.S. at 367–68, 96 S.Ct. at 2686–87; *Branti v. Finkel,* 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980). In this case it is undisputed that the job of court reporter does not entail policymaking and is not confidential in nature.

**3.** The analytical framework we have used in deciding cases of discrimination based on political affiliation was derived from *Mt. Healthy City School District Bd. of Ed. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In *Mt. Healthy,* a teacher was not rehired by the school district in part because of his exercise of first amendment rights and in part because of legitimate considerations such as the teacher's use of obscene gestures in front of students. *Id.*

at 281–82, 97 S.Ct. at 573–74. The Court held that in a situation where *both* legitimate and illegitimate reasons existed for the termination, the proper legal question was whether the defendant would have taken the same action absent the illegitimate motive. *Id.* at 285, 97 S.Ct. at 575. If the defendant would have taken the same action even absent the illegitimate motive, then that motive was not a cause of the termination and the first amendment was not violated.

In a recent case, the Court has held that the *Mt. Healthy* framework should be applied to Title VII cases where the defendant has both legitimate and illegitimate reasons for the action taken. *Price Waterhouse v. Hopkins,* — U.S. ——, ——, 109 S.Ct. 1775, 1788–89, 104 L.Ed.2d 268 (1989). In doing so, the Court distinguished between "pretext" cases, where the *McDonnell Douglas/Burdine* framework of shift-

In this case, the district court held that Ms. McMillian did not raise a genuine issue of material fact as to whether her political affiliation was a motivating factor in her dismissal. Judge Svetanoff, in support of his motion for summary judgment, contended that he was not a Republican, but in fact was a Democrat before taking the bench and an independent after his appointment. This contention was supported by his answers to plaintiff's interrogatories and by copies of his certified voting record which showed that he had voted in the Democratic primary in every election between 1960 and 1988.[4]

In response to this evidence, Ms. McMillian failed to set forth specific facts to show that there is a genuine dispute about the defendant's political affiliation. Ms. McMillian stated that the basis for her claim was her perception that Judge Svetanoff was a Republican. Her only evidence to support that assertion was that Judge Svetanoff was appointed by a Republican governor and that she had seen a voting card of Judge Svetanoff which she claims showed he voted in the 1980 Republican primary.

The district court found this evidence insufficient to raise a genuine issue of material fact as to the motivation for plaintiff's termination and we agree. Plaintiff's subjective belief that she was terminated because of her affiliation with the Democratic Party does not raise a genuine issue of material fact in the face of defendant's documentary evidence. *Hermes*, 742 F.2d at 354 n. 4 (plaintiff's "belief" insufficient to raise genuine issue of material fact without factual support in the record). Even if Ms. McMillian could have successfully

shown that Judge Svetanoff was affiliated with the Republican Party, that fact standing alone would be insufficient to show that her political affiliation was a motivating factor in her dismissal. *See Endicott v. Huddleston*, 644 F.2d 1208, 1215 (7th Cir.1980). Thus, summary judgment was appropriately granted on this allegation.

## IV.

■ Ms. McMillian's final claim is that she was denied due process in violation of the fourteenth amendment when she was fired without a pre-termination hearing. The district court granted summary judgment on this claim because it found that Ms. McMillian had no property interest in her job as a court reporter and thus no constitutional right to a hearing before her termination. We agree with the district court that summary judgment was appropriate because Ms. McMillian was unable to show that she had any property interest in her job as a court reporter.

To have a property interest in public employment, a person must have more than a unilateral expectation of continuing in the job, he or she must have "a legitimate claim of entitlement" to the job. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The legitimate claim of entitlement is created, and its dimensions defined, "by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlements to those benefits." *Id.* While it is often difficult to determine whether state law has created such an interest, it is clear that no legitimate claim of entitle-

---

ing burdens is applied, and "mixed motive" cases, which are governed by the *Mt. Healthy* framework. *Id.* n. 12. Given that distinction, it is now questionable whether the *Mt. Healthy* framework should be applied to *all* political discrimination cases, as we have done in the past. Instead, it might be thought that the *McDonnell Douglas/Burdine* analysis should apply where, as here, we do not have a case where both legitimate and illegitimate considerations played a role in the decision to terminate the plaintiff.

In any event, we need not decide the issue because Ms. McMillian would fare no better

even if we did employ the *McDonnell Douglas/Burdine* framework. To prove a prima facie case, Ms. McMillian would, we assume, at the very least, have to show that Judge Svetanoff had an opposing political affiliation. As we will discuss, Ms. McMillian has failed to make that showing and thus, under the *McDonnell Douglas/Burdine* framework, was not able to establish a prima facie case.

4. There is no requirement in Indiana that a person register to vote by party. Thus, the only official indication of a person's party preference is his or her choice of party primary.

ment to a job arises in an employment-at-will situation. *Id.* at 578, 92 S.Ct. at 2709; *Brown v. Breinen,* 722 F.2d 360, 364 (7th Cir.1983); *Lawson v. Sheriff of Tippecanoe, Ind.,* 725 F.2d 1136, 1138 (7th Cir. 1984).

Ms. McMillian was an employee at will under Indiana law. The only state statute which touches on her tenure states that "court reporters ... shall serve at the pleasure of [the] senior judge." Ind.Code § 33–5–29.5–8(a) (1983). Since she was an at-will employee, Ms. McMillian had no constitutionally protected property interest in retaining her position as a court reporter.

## V.

For the reasons discussed above, we AF-FIRM the grant of summary judgment to Judge Svetanoff on each of the claims made by the plaintiff.