21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor REYES, Appellant,
v.
PACIFIC BELL, et al., Appellee.
 No. 92-17007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided March 29, 1994.
 
 Before: WALLACE, Chief Judge, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following his discharge from a job as a night messenger for Pacific Bell, Victor Reyes brought this action in federal district court alleging wrongful discharge under the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, and national origin discrimination in violation of the California Fair Employment and Housing Act (FEHA), Cal.Govt. Sec. 12940 et seq. He appeals the district court's grant of summary judgment on these claims and its denial of his motion to amend his complaint to add a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. Sec. 12112. We affirm.
 
 DISCUSSION
 I. The FEHA claim
 
 3
 The parties do not dispute that federal precedent pertaining to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., applies to this analogous claim under FEHA. See Cook v. Lindsay Olive Growers, 911 F.2d 233, 241 (9th Cir.1990). In evaluating a claim of employment discrimination under Title VII, we employ the framework first laid out by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Pejic v. Hughes Helicopters, 840 F.2d 667, 672 (9th Cir.1988). On appeals from summary judgment, we review de novo the district court's application of this framework. Id.
 
 
 4
 Under this framework, Reyes was required first to establish a prima facie case showing that he was discharged "under circumstances which give rise to an inference of unlawful discrimination." See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 148, 253 (1981). To survive summary judgment, this means that he had to produce admissible evidence, which if believed by the trier of fact, would support findings that (a) he was a member of a protected class, (b) he was "performing his job well enough to rule out the possibility that he was fired for inadequate job performance," and (c) that after firing him, Pacific Bell sought to replace him with someone with similar qualifications. See Pejic, 840 F.2d at 672; Hicks, 113 S.Ct. at 2747.[1] We conclude that Reyes failed to carry this initial burden.
 
 
 5
 * While Reyes may have been performing his job satisfactorily before he was arrested, at the time he was fired he was not able to perform his job at all--he was in jail. True, he had permission to participate in a work furlough program. However, Pacific Bell presented uncontradicted evidence that the job as night messenger was incompatible with the requirements of the furlough program. The Sheriff's Department informed Pacific Bell that the job was unsuitable for the work furlough program because (a) it would leave Reyes unsupervised by a Deputy Sheriff for most of his shift (after 11:00 p.m.), (b) participants in the program were permitted to change locations only five times per day, and (c) participants in the program were not allowed to leave Sacramento County (except to travel within the city limits of Roseville and West Sacramento). There is no dispute that the job would have required Reyes to work after 11:00 p.m., to change locations more than five times per day, and to travel outside the area to which prisoners on work furlough were limited. Thus, there is no material issue of fact as regards Reyes's inability to perform the job of night courier for at least the six months of his sentence.
 
 
 6
 Similarly, Reyes presented no evidence that Pacific Bell offered the night courier job to someone with his "qualifications," that is, someone who could not work after 11:00 p.m., who could not change locations more than five times per night, and who could not leave Sacramento county. The Pacific Bell employees whom he claims were not fired in comparable circumstances were not in sufficiently similar situations to support an inference of discrimination. None of them was convicted of felony drug charges and was unavailable for work for six months. See Mitchel v. Toledo Hospital, 964 F.2d at 583.
 
 
 7
 There being no evidence in the record to support findings that Reyes could perform his job at the time he was fired or that Pacific Bell thereafter sought to replace him with a similarly situated person, Reyes did not carry the burdens we require to establish a prima facie case, and summary judgment was appropriate.
 
 B
 
 8
 Reyes suggests that even if he was unqualified for the night courier job while in jail, Pacific Bell could have placed him on leave for six months, and then allowed him to return to work after he was released on probation. He argues that Pacific Bell's failure to do so is evidence sufficient to establish his prima facie case. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n. 13 (1973) (requirements to establish prima facie case may vary from case to case).
 
 
 9
 We are unpersuaded. Pacific Bell was not required to place him on leave. And Reyes offers no evidence that Pacific Bell exercised its discretion as to whether to place him on leave in a discriminatory manner; he points to no instance in which any Pacific Bell employee ever was placed on leave for six months in order to serve a jail term so as to resume his old job after his release.
 
 
 10
 The case of Margaret Morillon is not sufficiently similar to Reyes's to establish an inference of discriminatory treatment. Like Reyes, she was arrested on felony drug charges. Like Reyes, she was suspended without pay pending the outcome of her case. Thus, as regards their arrests on similar charges, Pacific Bell treated them identically. However, they were convicted of different offenses, and sentenced to significantly different amounts of time in jail. Morillon was convicted of two misdemeanors, and sentenced to 30 days in jail; Reyes was convicted of a felony and sentenced to 6 months in jail. This difference in the length of their sentences is significant in light of Pacific Bell's policies which distinguish between leaves of absence of thirty days or less and longer leaves. Department heads at Pacific Bell had discretion to grant employees leave of up to thirty days with a guaranteed job on return, but leaves in excess of thirty days did not come with a guarantee that the employee could return to his job--or any job--after such extended absence. The differing treatment that Reyes and Morillon received only reflects these differing policies. We conclude that no rational juror could find that Pacific Bell's disparate treatment of Reyes and Morillon gives rise to an inference of discrimination sufficient to establish Reyes's prima facie case.
 
 
 11
 In any event, granting Reyes the leave would not have helped him, because the terms of his probation disqualified him from the job as a night courier just as surely as did the requirements of the work furlough program. Pacific Bell presented uncontradicted testimony that its couriers carry proprietary documents, and the fact that Reyes could be stopped and searched at any time while on probation thus disqualified him from the job. Reyes's response that he in fact never was searched while on probation is irrelevant; the risk remained. Reyes, therefore, was unavailable for work as a courier not just for the six months he was in custody, but for the succeeding three years as well.
 
 
 12
 There is no admissible evidence sufficient to support a prima facie case of discrimination. Because Reyes failed to meet this initial burden, we need not address Pacific Bell's proffered other legitimate business reasons for firing him, nor need we reach Reyes' attempts to demonstrate that these reasons are merely pretextual. See Burdine, 450 U.S. at 253.[2]
 
 II. The LMRA claim
 
 13
 The parties agree that Reyes may only pursue a breach of contract claim against Pacific Bell after proving that his union breached its duty of fair representation. See Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1060 (9th Cir.1989). Whether the union breached this duty is a mixed question of law and fact which we review de novo. Burkevich v. Air Line Pilots Ass'n, 894 F.2d 346, 349 (9th Cir.1990).
 
 
 14
 The union's decision to settle Reyes's grievance with Pacific Bell, rather than to continue to pursue arbitration, involved an exercise of judgment concerning the likelihood of success in arbitration versus the value of Pacific Telephone's settlement offer. See Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061 (9th Cir.1989); Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir.1988). That the union scheduled an arbitration and then changed its mind and settled is immaterial. The strategic decision to settle the dispute rather than press forward with litigation was not merely procedural, but involved the same appraisal of the relative benefits of the two courses of action as would have been required had the union decided to settle before scheduling arbitration. We accord great deference to such exercises of judgment, and will find that the union breached its duty of fair representation only if Reyes shows that the union's decision to settle was discriminatory, or made in bad faith. See Burkevich, 894 F.2d at 349.
 
 
 15
 Reyes offers no evidence that would support a finding that the union's decision to settle was discriminatory or undertaken in bad faith. He therefore failed to meet his burden in this regard, and summary judgment was appropriate.[3]
 
 III. Reyes's motion to amend the complaint
 
 16
 We review for abuse of discretion a district court's denial of a motion to amend a complaint after a responsive pleading has been filed. Schlacter-Jones v. General Telephone of Calif., 936 F.2d 435, 443 (9th Cir.1991). Here, the district court correctly found that the amendment would have been futile. The ADA did not become effective until July 26, 1992, well after the events that gave rise to this suit. See ADA, Pub.L. No. 101-336, 104 Stat. 327, Sec. 108 (1990) (providing that the ADA not become effective until two years after its enactment). Thus, Reyes's amendment would have no effect unless the ADA could be applied retroactively. It cannot. In mandating that the ADA not become effective until two years after its enactment, Congress clearly expressed its intention that the Act not be given retroactive effect. Courts must give effect to this intention. FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 486-87 (9th Cir.1991). Furthermore, the ADA dramatically altered substantive rights for Americans who fall under the Act's protection, a fact that also counsels against its retroactive application. See id.; see also Bradley v. School Bd. of City of Richmond, 416 U.S. 696, 711 (1974). The district court correctly determined that Reyes's proposed amendment would have been futile, and this ground was sufficient to deny the motion. See Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991).[4]
 
 CONCLUSION
 
 17
 Reyes failed to produce admissible evidence sufficient to make out a prima facie case of employment discrimination, and failed to produce admissible evidence of the union's bad faith or discriminatory conduct sufficient to meet his threshold burden under the LMRA. The district court properly denied as futile his motion to add a claim under the ADA to his complaint. The judgment of the district court, therefore, is affirmed.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 A plaintiff may also establish a prima facie case by producing direct evidence of discrimination. Sergupta v. Morrison-Knudson Co., 804 F.2d 1072, 1074 n. 2 (9th Cir.1986). The only such evidence in the record is Reyes's own testimony that it is his belief that he was fired for discriminatory reasons. This subjective belief is insufficient to establish a prima facie case. Mitchell v. Toledo Hospital, 964 F.2d 577, 584 (6th Cir.1992); McMillian v. Svetanoff, 878 F.2d 186, 190 (7th Cir.1989)
 
 
 [2]
 We deny Pacific Bell's request for a discretionary award of attorneys' fees on appeal, pursuant to section 1295(b) of FEHA
 
 
 [3]
 Reyes contends that another job, compatible with the requirements of the work furlough program, was available but that Pacific Bell refused to hire him for it. Reyes is not at all clear how the availability of a different job is relevant to his case, but we need not delve into the issue in any event. The only evidence that this job existed is an unauthenticated document describing a conversation between a union employee and a Pacific Bell employee in which the Pacific Bell employee allegedly said that another job was available. Because the document is unauthenticated it is inadmissible, and therefore cannot be used to create an issue of material fact for the purpose of defeating a summary judgment motion. See Fed.R.Evid. 901; Celotex v. Cattrett, 477 U.S. 317 (1986)
 Even if the document were authenticated, the Pacific Bell employee's statements would remain inadmissible. Reyes's argument that the employee's statements are not hearsay because they are admissions of a party opponent, Fed.R.Evid. 801(d)(2)(A), fails, because they are contained in a document which itself is hearsay. The business records exception to the hearsay rule, Fed.R.Evid. 803(6), does not apply because Reyes presented no evidence sufficient to allow the court to determine that it satisfies the requirements for admission under Rule 803(6).
 
 
 [4]
 We note also that Reyes's motion to amend his complaint was filed only after Pacific Bell had filed its motion for summary judgment. A motion to amend should not be used as a way to defeat a motion for summary judgment, and thus the timing of Reyes's motion strongly supports the district court's decision to deny it. See Schlacter-Jones, 936 F.2d at 443