107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth ARMOUR, Plaintiff-Appellant,
v.
Deputy Warden GUNDY; Lt. Charette; Rum J. Anderson; C/O
Collard; Officer Brown; Sgt. Wiggins,
Defendants-Appellees.
 No. 96-1311.
 United States Court of Appeals, Sixth Circuit.
 March 03, 1997.
 
 1
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Kenneth Armour appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Armour filed his complaint in the district court alleging that he was denied his Fourteenth Amendment right to equal protection in prison disciplinary proceedings because of his race (African-American). Plaintiff named the defendant state prison officials in their individual and official capacities and sought declaratory and injunctive relief and compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition.
 
 
 4
 The magistrate judge recommended that defendant's motion for summary judgment be granted, and plaintiff apparently mailed objections to the district court. However, the district court adopted the magistrate judge's recommendation and granted summary judgment for defendants before plaintiff's objections were received. The magistrate judge subsequently entered an order directing the clerk to reject plaintiff's objections when they were received a short time later. This timely appeal followed, and the district court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 5
 On appeal, plaintiff contends that he mailed his objections to the magistrate judge's report and recommendation in a timely manner and that a genuine issue of material fact remains for trial with respect to his equal protection claim. Defendants respond that plaintiff's objections were untimely and that plaintiff's claim is meritless in any event. Upon consideration, we affirm the district court's judgment for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 6
 First, it appears that plaintiff's objections to the magistrate judge's report and recommendation may have been timely. The district court clerk's "mailing recipient list" appended to the magistrate judge's report reflects that the report was mailed to plaintiff on February 12, 1996. Plaintiff was warned that objections must be filed within 10 days of service pursuant to Thomas v. Arn, 474 U.S. 140 (1985) and United States v. Walters, 638 F.2d 947 (6th Cir.1981). Because plaintiff had only 10 days to object, intermediate legal holidays and weekend days are excluded pursuant to Fed.R.Civ.P. 6(a). Also, plaintiff has an additional 3 days to file his objections following service pursuant to Fed.R.Civ.P. 6(e). Excluding weekend days and Washington's Birthday (observed February 19, 1996), plaintiff had until March 1, 1996, to file objections to the magistrate judge's report. Furthermore, plaintiff's objections should be deemed filed upon delivery to prison authorities for mailing to the district court under the principle enunciated in Houston v. Lack, 487 U.S. 266, 270-76 (1988). See Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir.1993) (per curiam); Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.1993); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990). Unfortunately, plaintiff's objections do not appear of record because they were rejected for filing by the magistrate judge. However, plaintiff avers in his brief on appeal that his objections bore "a notarized proof of filing and service dated February 26, 1996," and appellees acknowledge that plaintiff mailed his objections on that date. Therefore, plaintiff's objections may have been timely.
 
 
 7
 However, plaintiff's claims can be addressed on the merits. Generally, the Equal Protection Clause of the Fourteenth Amendment protects inmates from invidious discrimination based upon race. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, plaintiff must prove a racially discriminatory intent or purpose in order to prevail in an equal protection case. McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Washington v. Davis, 426 U.S. 229, 239-40 (1976). Plaintiff must show that defendants intentionally discriminated against him because of his membership in a protected class. Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir.1995) (per curiam). A mere disparate impact is not sufficient to establish a claim. Id. at 481 (citing Horner v. Kentucky High Sch. Athletic Ass'n, 43 F.3d 265, 276 (6th Cir.1994)). Plaintiff's subjective beliefs also are insufficient to show a genuine issue of material fact remaining for trial in an equal protection case. See McMillian v. Svetanoff, 878 F.2d 186, 190 (7th Cir.1989). Here, there is no evidence of record that plaintiff was subjected to disciplinary proceedings because of his race.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation