# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30601

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2018

Lyle W. Cayce
Clerk

RANDY A. ROBERTS, SR.; NATASHA ROBERTS,

Plaintiffs - Appellants

v.

JOHNSON & JOHNSON, INCORPORATED; ETHICON, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3991

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Randy A. Roberts, Sr., along with his wife Natasha, sued Johnson & Johnson, Inc. and its subsidiary Ethicon, Inc. (collectively, J&J) for injuries allegedly caused by a defective medical device. The district court granted summary judgment in favor of J&J. We vacate the order and remand.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30601

I.

In his complaint, Roberts alleged that on January 11, 2006, a surgeon implanted a Prolene Hernia System (PHS), a medical device manufactured by J&J, in Roberts' body to repair a hernia. Roberts further alleged that the PHS later became infected, causing him debilitating pain, and that he was required to undergo three surgeries in 2015 to explant (remove) the PHS. Roberts brought product liability claims under Louisiana law.

J&J moved for summary judgment. In support, it relied on a single page of medical records: an Intraoperative Log from Roberts' January 11 implantation surgery. Under the heading "Implants," the log has what appears to be a pre-printed sticker identifying a "Bard Mesh Monofilament Knitted Polypropylene." J&J asked the court to draw a reasonable inference: Roberts was mistaken, he never had J&J's product implanted at all, and he should direct his complaints to Bard.

Roberts pushed back with medical records of his own. He attached operative notes from his three 2015 explantation surgeries to his opposition. The operative report from Roberts' May 9, 2015, surgery states "the patient likely had a PHS system used to repair this hernia." After Roberts' September 9, 2015, procedure, his surgeon expressed more confidence: "The underlay mesh of the patient's prior[-]placed PHS system was identified and the type of hernia system was confirmed."[1] In total, the records from Roberts' 2015 surgeries referenced a PHS seven times.

The district court granted J&J's motion. Focusing on the May 9 report's use of the word "likely," the district court concluded that the explantation notes

---

[1]     In its Motion for Summary Judgment, J&J describes the "underlay patch" as one of the PHS' three components. The record is unclear as to whether the Bard product also has an underlay, but J&J suggests in its briefing that it does not.

No. 17-30601

did not "definitively conflict with the original operation notes" and merely reflected the surgeon's "educated guess as to what he is removing from the Plaintiff's body." Based on this reasoning, the district court concluded that Roberts had not created a genuine dispute as to whether J&J's product had been implanted in his body. Roberts appeals this order.[2]

## II.

We review a district court's grant of summary judgment de novo. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 388 (5th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). In deciding if the non-movant has raised a genuine issue, we view all facts and evidence in the light most favorable to him and draw all reasonable inferences in his favor. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017).

Roberts' evidence—that his explanting surgeon removed a "confirmed" PHS—is evidence that a PHS was implanted in his body. Viewed in the light most favorable to him, the 2015 records permit the reasonable inference that a PHS was implanted during his 2006 hernia-repair surgery. J&J's evidence— the 2006 records—point in the other direction. J&J asks us to credit the 2006 records over the 2015 records. But at this stage we cannot draw inferences in J&J's favor. Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby,*

---

[2] Roberts also appeals denial of his later motion under Rules 59(e) and 60(b). Because we vacate the district court's grant of summary judgment, we need not address its ruling on this motion.

*Inc.*, 477 U.S. 242, 255 (1986). Roberts has therefore identified a genuine dispute of material fact.

To resist this conclusion, J&J points to *Scott v. Harris*, 550 U.S. 372 (2007). In that case, Harris brought excessive force claims against a county deputy arising from a car chase. *Id.* at 374. Harris' version of events—that, though fleeing police, he was driving in a cautious and controlled manner— was "blatantly contradicted" by video evidence of "a Hollywood-style car chase of the most frightening sort." *Id.* at 380. Harris never contended that what the video depicted "differ[ed] from what actually happened." *Id.* at 378. The Supreme Court concluded that, in light of the video evidence, no reasonable jury could believe Harris' story and that the Court therefore need not adopt Harris' unsupported version of the facts. *Id.* at 380–81.

This case is not *Scott*. As the Seventh Circuit has recognized, "[c]omputer records are not perfect; they reflect only the input of fallible human beings." *Covalt v. Carey Canada, Inc.*, 950 F.2d 481, 484 (7th Cir. 1991). The same is true of medical records. *See, e.g.*, *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017) ("[B]ecause a reasonable jury could credit either the medical records or Grogan's conflicting account, we hold that this factual dispute is genuine."). *Scott* instructs that where the non-movant's "version of events is so utterly discredited by the record that no reasonable jury could have believed him," he has not created a genuine issue of fact. 550 U.S. at 380. The sticker in Roberts' 2006 medical file does not approach this demanding standard.

## III.

The district court's grant of summary judgment is VACATED. The case is remanded for further proceedings.