Jackie WILSON, Plaintiff–Appellant,

v.

James K. WILLIAMS and Thomas Cavallone, Defendants–Appellees.

No. 92–3708.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1993.

Decided June 29, 1993.

Steven H. Hoeft, Craig H. Zimmerman (argued), McDermott, Will & Emery, Chicago, IL, for plaintiff-appellant.

Harold E. McKee, III, Asst. States Atty., McNeela & Griffin, Michael David Jacobs (argued), Terry L. McDonald, Asst. States Atty., Chicago, IL, for defendants-appellees.

Before CUMMINGS and CUDAHY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In this appeal, we consider whether the district court improperly granted summary judgment in favor of the defendants in this

pretrial detainee's civil rights claim. Our jurisdiction is provided by 28 U.S.C. § 1291. We reverse and remand.

## I.

Jackie Wilson was a pre-trial detainee assigned to the Cook County Jail. He alleges that he was beaten by Officers James K. Williams and Thomas Cavallone in violation of his right to be free from punishment prior to an adjudication of guilt. Wilson's initial *pro se* complaint requested that liability be imposed upon Williams and Cavallone in both their individual and official capacities. However, for purposes of the motion for summary judgment, Wilson conceded that there was insufficient evidence to proceed against Williams and Cavallone in their official capacities.

Williams admitted that he was involved in a fight with Wilson. In his answer, Williams denied beating and abusing Wilson. Williams also denied using excessive force to subdue the assault by Wilson. Cavallone denied being involved in any physical altercation with Wilson.

Williams and Cavallone moved for summary judgment. In support of this motion they each filed personal affidavits setting forth their version of the facts. Williams attested that while he was escorting an inmate through the dayroom, Aryules Bivens, an inmate who was sitting in the dayroom with Wilson, grabbed him. According to Williams, Wilson and Bivens then began hitting him. He stated that he attempted to protect himself while waiting for other officers to assist him. He attested that this was the only physical contact he had with Wilson. Cavallone attested that he arrived after Wilson had been restrained and that he transported Wilson to Cermak Health Services without incident.

Williams and Cavallone also submitted the affidavits of Dr. John Raba and Dr. Michael Puisis. Dr. Raba saw Wilson at Cermak Health Services shortly after the altercation, but Wilson would not allow himself to be examined at that time. Dr. Puisis examined Wilson when he eventually consented to examination later that day. Dr. Raba examined Wilson the following day when Wilson returned for a follow-up examination. In their affidavits, both physicians noted superficial injuries to Wilson. Due to the nature of Wilson's complaint, Dr. Puisis examined Wilson's entire body for bruises, abrasions, lacerations, or other injuries. Based on their examinations, the doctors concluded that the altercation could not have occurred as Wilson said it did.

In opposition to the motion for summary judgment, Wilson filed a personal affidavit setting forth his version of the facts. Wilson also submitted the affidavit of Bivens. Needless to say, Wilson's and Bivens' accounts of the fight differed greatly from Williams' and Cavallone's versions. Wilson stated that although he did nothing to provoke Williams, Williams grabbed him from behind and threw him to the floor. Wilson attests that the beating continued for five minutes and that after he was handcuffed, Williams kicked him in the face and head, and Williams continued to kick him until restrained by another officer. Wilson further attests that he was dragged away, that Cavallone threw him head first down a concrete stairway, and that he was later slapped several times by Cavallone and Williams.

Bivens was an eyewitness to the first part of the altercation. The fight apparently continued out of Bivens' eyesight, but he was able to hear. Bivens attested that Williams began hitting Wilson even though Wilson had done nothing to provoke Williams. After being allowed back into the room where the fight occurred, Bivens attests that he saw Williams kicking Wilson in the head while Wilson was restrained. These accounts differed greatly from the affidavits of Williams and Cavallone regarding whether Wilson provoked the fight, whether the fight continued after Wilson was restrained, whether Cavallone threw Wilson down a set of concrete steps, and whether Williams and Cavallone slapped Wilson while he was restrained outside a security post.

The district court granted the defendants' motion for summary judgment, concluding that because the physicians had noted only superficial injuries, Wilson's account could not be true. The district court stated that in

order to survive a motion for summary judgment, "a party must do more than simply allege an injury in their pleadings and submit personal affidavits." Mem.Op. at 4, 1992 WL 297385.[1] The district court therefore found that Wilson's claim "is factually unsupported." Mem.Op. at 4.

The only issue on appeal is whether the district court erred in granting summary judgment in favor of the defendants. We conclude that the grant of summary judgment was inappropriate; therefore, we reverse and remand.

## II.

■ We review the grant or denial of a motion for summary judgment *de novo. Patrick v. Jasper County,* 901 F.2d 561, 564–65 (7th Cir.1990). On review, we view all evidence in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). In order to prevail on a motion for summary judgment, the moving party must demonstrate the absence of a genuine issue of material fact. *Id.* at 157, 90 S.Ct. at 1608. The moving party is not obligated to show that a fact necessary to the plaintiff's case is not true, but only to show that plaintiff has not presented sufficient evidence that the fact is true. *Covalt v. Carey Canada, Inc.,* 950 F.2d 481, 482 (7th Cir.1991) (citing *Celotex Corp. v. Cattrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). Summary judgment is not appropriate "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In its opinion, the district court found:

Despite claiming that he was beaten and kicked all over his body including his head, back, groin and rectum, he has not produced any specific evidence to support his claim. In fact, the affidavit of Mr. Wilson's examining physician contradicts the allegations in the complaint by concluding

that the injuries received by the plaintiff do not indicate that he was beaten all over his body, kicked, or thrown down a flight of concrete stairs.

Mem.Op. at 4. In drawing this conclusion, the district court improperly weighed evidence and made a credibility determination.

The affidavits of Williams and Cavallone were in direct conflict with the affidavits of Wilson and Bivens. The physicians' affidavits only added a medical analysis of Wilson's injuries. The physicians were not witnesses to the altercation. Given that Wilson displayed some injuries (although minor), the evidence before the district court could allow a reasonable factfinder to conclude Wilson was beaten in violation of his civil rights.

It was improper for the district court to credit the affidavits of the physicians over those of Bivens and Wilson. Although a factfinder might ultimately give more weight to the opinion of a physician than to a pretrial detainee and another inmate, to make that decision at the summary judgment stage usurps the role of the factfinder. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. Because the district court impermissibly made credibility determinations by giving greater weight to the physicians' affidavits than those of Bivens and Wilson, its grant of summary judgment was improper.

■ The second reason given by the district court for granting summary judgment was:

Some evidentiary facts must be produced proving that a viable claim exists, and that a reasonable jury could thus find for judgment on the complaint based on those facts. *See Celotex,* 477 U.S. at 324 [106 S.Ct. at 2553]. When, as in this case, no evidence has been produced to support the complaint, it follows that no reasonable jury could find for judgment on the complaint, and the court must summarily rule

---

1. In its opinion, the district court makes only passing reference to the affidavit of Bivens.

on the claims without allowing them to proceed. *Id.*

Mem.Op. at 4–5. While the district court's understanding of the law is correct, its understanding of this case is in error because Wilson did present evidence to support his claim. The district court based its conclusion that there was no evidence supporting Wilson's claim on a determination that in order to survive a motion for summary judgment, Wilson had to do more than allege an injury and submit affidavits. Mem.Op. at 4. However, as we said in *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992), affidavits are evidence for purposes of determining whether genuine issues of material fact exist.

Because affidavits are evidence, we accept them in a light most favorable to Wilson. Therefore, we conclude that genuine issues of material fact exist regarding who started the fight, whether Wilson provoked the fight, whether the fight continued after Wilson was restrained, whether Cavallone was involved in the altercation at all, and whether Williams hit Wilson outside the security post. Given these genuine issues of material fact, the grant of summary judgment must be reversed.

REVERSED AND REMANDED.