**Ronnie RICE, Plaintiff–Appellee,**

v.

**James BURKS and Mark Harvey, Defendants–Appellants.**

**No. 92–2513.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1993.

Decided July 26, 1993.

---

Robert S. Harlib (argued), Chicago, IL, for plaintiff-appellee.

Judson H. Miner, Davis, Miner, Barnhill & Galland, Lawrence Rosenthal, Deputy Corp. Counsel, Kelly R. Welsh, Asst. Corp. Counsel, Brian Trubitt (argued), Office of Corp. Counsel, Appeals Div., Chicago, IL, for defendants-appellants.

Before BAUER, Chief Judge, FLAUM and MANION, Circuit Judges.

MANION, Circuit Judge.

After the defendant police officers arrested and handcuffed Ronnie Rice, he attempted to escape. In the process of recapturing Rice the police officers hit him in the back, knocking him to the ground. Concluding that questions of fact existed as to whether the police officers used excessive force, the district court refused to grant summary judgment based on qualified immunity, 796 F.Supp. 319. The police officers appeal and we reverse.

## I. Facts

Ronnie Rice and his companion Christopher Samson attempted to enter the Ebony Room tavern but were stopped at the door and told they had to pay a cover charge. They became belligerent and an employee of the tavern called the police. On arrival, the police spoke to the tavern's owner who described Rice and Samson's conduct. One of the patrons approached the police officers to report that he had seen Rice and Samson leaning under the hood of his car, and that the car's battery, radio and graphic equalizer were missing. A bystander then pointed to Rice and Samson and said to the police officers, "There they go."

The police officers apprehended Rice, cuffed his hands behind his back, and laid him face down on the ground. They then attempted to handcuff Samson; he put up a struggle. While the officers were occupied with Samson, Rice rose to his feet and "trotted" away in an apparent escape attempt. When he was approximately 10 yards away, Rice felt something hit his back—he does not say what. He fell to the ground and hit his chin.

Rice and Samson filed suit under 42 U.S.C. § 1983 claiming that the police officers arrested them without probable cause and used excessive force. The police officers moved for summary judgment on the basis of qualified immunity. The district court determined that the police officers were qualifiedly immune on the illegal arrest claims because a reasonable police officer could have concluded there was probable cause to arrest. However, the district court denied summary judgment on the excessive force claims, finding that there were questions of fact which precluded the application of qualified immunity. The police officers appeal the district court's refusal to grant summary judgment on Rice's excessive force claim. They make no appeal as to Samson.

## II. Analysis

An order denying a motion for summary judgment based on qualified immunity is immediately appealable. *Mitchell v. Forsythe*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Whether or not a defen-

dant is entitled to qualified immunity is a question of law, subject to *de novo* review. *Apostol v. Landau*, 957 F.2d 339, 342 (7th Cir.1992). Police officers who use force in making an arrest are entitled to qualified immunity from suits for damages under 42 U.S.C. § 1983 "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Chathas v. Smith*, 884 F.2d 980, 989 (7th Cir. 1989), *cert. denied*, 493 U.S. 1095, 110 S.Ct. 1169, 107 L.Ed.2d 1071 (1990). "It is the plaintiff who bears the burden of establishing the existence of the allegedly clearly established constitutional right." *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988). "[C]losely analogous cases, those decided before the defendant acted or failed to act, are required to find that a constitutional right is clearly established." *Id.*

■ The district court determined that the law was clearly established at the time of the arrest that the use of excessive force to effect an arrest violated the Constitution. The district court also determined, however, that because the facts concerning the officers' conduct toward Rice were undeveloped, questions of fact existed concerning whether they used excessive force. The district court therefore refused to apply qualified immunity.

Under the prevailing law, Rice had the burden to point out a closely analogous case that established that he had a constitutional right to be free from the type of force the police officers used on him—some kind of a hit in the back that knocked him to the ground as he attempted to escape after arrest. The district court allowed Rice to avoid the application of qualified immunity without holding him to this burden. Rice introduced only cases which established the general

right to be protected from a police officer's use of excessive force. As we have stated: "The words 'clearly established ... constitutional rights' may not be used to read the defense of immunity out of federal tort law by the facile expedient of stating constitutional rights in the most general possible terms.... The right must be sufficiently particularized to put potential defendants on notice that their conduct probably is unlawful." *Colaizzi v. Walker*, 812 F.2d 304, 308 (7th Cir.1987) (quoting *Azeez v. Fairman*, 795 F.2d 1296, 1301 (7th Cir.1986)). Rice produced no case which puts police officers on notice that after arrest they should avoid hitting the fleeing suspect in the back to prevent escape. Because Rice produced no such case, the police officers are entitled to qualified immunity.[1]

Rice could have evaded the application of qualified immunity without identifying a closely analogous case if he showed that the force used was so plainly excessive that the police officers should have been on notice that they were violating the Fourth Amendment. *See McDonald v. Haskins*, 966 F.2d 292, 293–95 (7th Cir.1992) (a police officer who held a gun to the head of a 9–year old child and threatened to pull the trigger—when the child was not resisting arrest or attempting to flee—was not entitled to qualified immunity even though no closely analogous case existed). Indeed, police officers should not be shielded from liability just because their excessive use of force happens to be original. But Rice presents no facts which thrust this case into the "plainly excessive" category. In his deposition Rice testifies only that he felt "something ... hit ... [or] touch" his back, knocking him to the ground. He makes no claim that the "something" was the bumper of a speeding squad car or anything else which might have made the use of force "plainly excessive". In fact the "hit" he describes could have been something as benign as a slight push or a grab at his clothing. After all, with his hands cuffed

---

1. Rice could not find a closely analogous case for obvious reasons—police officers should not be unreasonably inhibited in their efforts to recapture fleeing criminals. *See Lester v. City of Chicago*, 830 F.2d 706, 712 (7th Cir.1987) ("The power to arrest necessarily carries with it the power to use force to make an arrest."); *see also Brownell v. Figel*, 950 F.2d 1285, 1292 (7th Cir. 1991) (whether a suspect is trying to escape is a factor in determining whether the force used was excessive).

behind his back, it would not take much force to cause him to lose his balance. With no hands to break the ensuing fall, the injury to his chin is understandable.

Rice claims that he is entitled to further proceedings because "two salient facts remain in dispute which cannot free the police officers from the burden of trial: 1) what was used to strike the Plaintiff, and 2) how hard he was struck." The district court agreed. In reality, however, no dispute exists. Rice bears the burden to prove that the police officers used excessive force, but he fails to set forth any evidence that the force used was excessive. *See Brownell*, 950 F.2d at 1293 ("a party who bears the burden of proof on a particular issue ... must set forth specific facts showing that there is a genuine issue of material fact.... [t]hus, in the absence of any evidence of specific wrongdoing, [the plaintiff's] excessive force claim is speculative and does not raise any material issue of fact for trial.") Rice does not even speculate about the manner in which he was hit. He asserts only that he was hit with enough force to knock him down. If he did inquire of the police officers during discovery about their knowledge of what hit him, he does not share their answer with this court. If mere speculation cannot create a question of fact precluding summary judgment, *Harrington v. New England Mutual Life Ins. Co.*, 873 F.2d 166, 169 (7th Cir.1989), neither can a refusal to speculate. Just because an unfortunately (perhaps purposely) unclear record leaves open a universe of possibilities about the manner of Rice's recapture does not mean a trial is necessary to sort through the hypothetical possibilities. Under the facts as presented, the police officers are entitled to qualified immunity because they had no reason to believe they were violating Rice's constitutional rights.

### III. Conclusion

The district court's decision to deny summary judgment on Rice's excessive force claim is reversed, and we grant summary judgment in favor of the police officers on that claim.

REVERSED AND SUMMARY JUDGMENT GRANTED.