Edgar M. SPEARMAN, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Delco Remy Division of the General Motors Corporation, and the Trustees for General Motors National Retirement Benefit Center, Defendants.

No. IP 93–899 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 29, 1994.

**618**

Loren J. Comstock, Speedway, IN, Howard N. Bernstein, Indianapolis, IN, for plaintiff.

Herbert C. Snyder, Jr., Barnes & Thornburg, Fort Wayne, IN, for defendants.

BARKER, Chief Judge.

Defendants General Motors Corporation, Delco Remy Division of the General Motors Corporation, and the Trustees for General Motors National Retirement Benefit Center ("Defendants" or "GM") move for summary judgment on Plaintiff Edgar M. Spearman's ("Spearman") Complaint based on res judicata and the statute of limitations. For the reasons discussed below, the Court grants summary judgment on the breach of fiduciary duty ERISA claim and denies summary judgment with regard to all remaining claims.

## I. BACKGROUND

Mr. Spearman, an Indiana resident, worked at General Motors for over thirty years and was, before his termination, a maintenance supervisor in one of GM's Delco Remy Division plants in Anderson, Indiana. Around March 29, 1985, General Motors dis-

charged Spearman for allegedly using his position to benefit a family member—his stepson. A round of litigation ensued, with the Indiana Court of Appeals ultimately affirming the Indiana Employment Security Division's decision that Spearman was not discharged from his employment for just cause.

Soon thereafter, Spearman, alleging wrongful discharge and defamation, sued the Delco Remy Division of General Motors ("Delco Remy") in Madison Superior Court. After defendant removed the case to federal court, the district court dismissed Spearman's Complaint. Now, Spearman has brought suit, claiming that General Motors discharged him to deprive him of his full pension benefits and retirement rights. Spearman also alleges that GM and its pension trustees and administrators breached their fiduciary duties to him by not providing proper benefits to him after he had made repeated demands as recently as February 1993. *See* Complaint, at ¶ 12. Both claims are based on the Employee Retirement Income Security Act ("ERISA") [1].

## II. DISCUSSION

### A. Summary Judgment Standard

In passing on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or determine the truth of the matter, but it is instead to decide whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If doubts remain as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment denied. *See Wilson v. Williams,* 997 F.2d 348, 350 (7th Cir.1993); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir.1989).

1. Pub.L. No. 93–406, 88 Stat. 829 (1974), codi-    fied at 29 U.S.C. §§ 1001–1461 (1988).

## B. Res Judicata

The Court first addresses Spearman's contention that General Motors waived the affirmative defense of res judicata by not pleading it in original answer. Generally, a district court will give leave to amend a pleading absent undue delay, bad faith or dilatory motives. *See Ferguson v. Roberts*, 11 F.3d 696 (7th Cir.1993). Here, Defendant filed its amended answer two days after its original answer and within 20 days after it was served. The Court finds that under Fed.Rule of Civil Procedure 15(a), General Motors is entitled to amend its original answer to include the affirmative defense of res judicata.

Next, we consider whether res judicata bars the instant action. In *E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1289 (7th Cir.1993), the Seventh Circuit noted that "[r]es judicata is comprised of three essential elements: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits." The parties do not dispute elements 1 and 3, but differ as to whether the current action is identical to the previously dismissed state and federal court actions.

General Motors argues that the instant suit is identical to the previous one because they are based on largely the same factual predicate, namely Spearman's discharge from Delco Remy. Moreover, GM argues that Spearman could have raised the ERISA claims in his previous federal suit and is barred from raising similar claims now. Spearman responds that the current suit differs from his previous one because the ERISA claims raised in this suit were not and could not have been alleged in the previous suit. In support of this position, he points to the fact that even after the Indiana Court of Appeals decision, GM "refused to adjust and to pay his proper pension benefits, which have necessitated this ligitation (sic)." Plaintiff's Memorandum, at 5. GM responds that when Spearman was offered a pension of $326.00 per month, he "knew or should have known the supplement was being denied to him as a consequence of his being discharged." GM's Brief in Support of Summary Judgment, at 9.

Recent Seventh Circuit cases have set forth helpful, albeit not necessarily dispositive, criteria for analyzing when two causes of action are to be deemed one. In *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir.1993), Chief Judge Posner suggested that "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." In holding that an earlier action under COBRA was not res judicata in a later Title VII action, he noted that one set of facts dealt with the "conduct of the defendant leading up to the plaintiff's discharge, while the other facts ... concern[ed] the processing of [plaintiff's] request for continued benefits after she was discharged." 999 F.2d at 227. The Court refused to address "[t]he difficult intermediate cases—where there is substantial factual overlap between the two claims, but not ... a complete or nearly complete lack of overlap ..." *Id.*

In *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 913 (7th Cir.1993), the Seventh Circuit set forth a "transactional" analysis:

> This Court analyzes causes of action according to the so-called "same transaction" test. (citations omitted). Under the same transaction test, a cause of action consists of a "single core of operative facts" giving rise to a remedy. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir.1986 (quoting *Alexander v. Chicago Park District*, 773 F.2d 850, 854 [ (7th Cir.1985) ]). The inquiry, focusing on the facts of a situation, is intended to discover whether the plaintiff could have raised the issue in the first suit. (citation omitted). "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost." *Car Carriers*, 789 F.2d at 593. A plaintiff may not avoid an earlier judgment on the merits by merely concocting a new legal theory. . . .

Applying these principles to the present case, we find that res judicata does not bar Spearman's ERISA claims. First, the facts on which Spearman would rely to establish any alleged ERISA violation are not "the same, or nearly the same" as the facts in

Spearman's previous wrongful discharge and defamation suit. The focus of the previous federal action was the alleged impropriety of Spearman's transactions with his stepson and GM's motives for discharging him. The current suit focuses specifically on the denial of benefits as the primary reason for Spearman's discharge as well as on the adequacy of the benefits currently offered to Spearman.

The more difficult question is whether Spearman could have litigated his ERISA claims in the previous suit. If, in fact, all of Spearman's injuries flowed from a single "transaction"—the decision to discharge him because of the alleged improper dealings with his stepson—it is possible that Spearman could have brought the ERISA claims earlier. If, on the other hand, Spearman's injuries stemmed from the alleged GM scheme to discharge him to prevent the awarding of supplemental pension and retirement entitlements, such facts may not have been fully manifest at the time of the previous litigation because the amount of benefits awarded to Spearman did not become clear until the resolution of the previous suit. Because it is unclear whether Spearman's ERISA claim could have been brought earlier, we deny GM's motion for summary judgment based on res judicata.

### Statute of Limitations

Spearman alleges three violations of ERISA—breach of fiduciary duty (29 U.S.C. § 1109), interference with protected rights (29 U.S.C. § 1140), and coercive interference (29 U.S.C. § 1141). With regard to the statute of limitations for breach of fiduciary duty, 29 U.S.C. § 1113 provides:

(a) No action may be commenced under this title with respect to a fiduciary's breach of any responsibility ..., after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation, or

(B) on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the Secretary under this title; ....

In *Martin v. Consultants & Administrators, Inc.,* 966 F.2d 1078, 1086 (7th Cir.1992), the Seventh Circuit noted that:

[t]o charge [plaintiff] with actual knowledge of an ERISA violation, it is not enough that he had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues.... At the same time, the relevant knowledge for triggering the statute of limitations is knowledge of the *facts* or *transaction* that constituted the alleged violation. Consequently, it is not necessary for a potential plaintiff to have knowledge of every last detail of a transaction, or knowledge of its illegality. (emphasis in original).

The Court finds that at the very latest, Spearman had "actual knowledge" that he was not receiving the pension supplement when the previous federal suit concluded on July 10, 1989. At that time, his pension and retirement entitlements were no longer subject to the outcome of any litigation. Because the time between his filing of this cause of action and July 10, 1989, exceeded three years, 29 U.S.C. § 1113 bars Spearman's ERISA fiduciary duty claim.

■ With regard to the limitations period for Spearman's interference with protected rights and coercive interference claims, ERISA is silent. The Court, therefore, can look to the most analogous claim under state law and apply Indiana's statute of limitations. *See Central States, Southeast and Southwest Areas Pension Fund v. Jordan,* 873 F.2d 149, 152 (7th Cir.1989); *Jenkins v. Local 705 Int'l. Bhd. of Teamsters Pension Plan,* 713 F.2d 247, 251 (7th Cir.1983). GM argues that the applicable statute of limitations is the two-year provision governing employment agreements not in writing. *See* Ind. Code § 34–1–2–1.5. Spearman, claims that Ind.Code § 34–1–2–2(6), governing contracts in writing should be applied.

The Court agrees with Spearman that the ten-year statute of limitations is the applicable provision. First, we note that although it is informative to look to state law provisions, we are not bound by state limitations statutes "where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *see also Occidental Life Ins. Co. v. E.E.O.C.*, 432 U.S. 355, 367, 97 S.Ct. 2447, 2454–55, 53 L.Ed.2d 402 (1977). Because the federal policy underlying ERISA is preserving the integrity of pension and retirement funds and encouraging employers to fulfill their obligations, *see Central States*, 873 F.2d at 154[2], the proper characterization of suits involving the payment of pension and retirement benefits, is a suit on a written contract. Applying the ten-year limitations period to suits involving the payment of pension and retirement benefits allows time for beneficiaries of plans to discover mistakes and irregularities and enforce their rights if necessary. *See Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 465 (7th Cir.1991) ("To truncate the available period for claims by applying the shorter statute of limitations would fly in the face of ERISA.") The Court denies GM's motion for summary judgment as to the claims under 29 U.S.C. §§ 1140 and 1141.

CONCLUSION

Although this Court has found that the ERISA claims (excepting the breach of fiduciary duty claim) survive summary judgment based on res judicata and statute of limitations, it does take note that this is the third lawsuit between the parties in the last nine years. We strongly urge the parties to reach a mutually beneficial resolution and obviate future litigation.

It is so ORDERED.

---

**2.** *See also* "Oral Modifications of ERISA–Covered Pension and Benefit Plans: Protection or Deception?" 18 Journal of Pension Planning and Compliance (1992).