Gary LAMB, Dan Rhodes, Jerry Tucker, and Dick Schable, on behalf of themselves and others similarly situated, Plaintiffs,

v.

CITY OF DECATUR, Richard Ryan, Police Lieutenant, Sergeant James Chervinko, and others whose identities are yet unknown to the plaintiffs, Defendants.

No. 95–2167.

United States District Court, C.D. Illinois.

Nov. 19, 1996.

Marshall A. Susler, Moore Susler McNutt & Wrigley, Decatur, IL, Janis M. Susler, Edward Koziboski, Chicago, IL and Michael E. Deutsch, Center for Constitutional Rights, New York City, for Plaintiffs.

Patrick J. Londrigan, Heyl Royster Voelker & Allen, Springfield, IL, Guy A. Studach, Office of the Attorney General, State of Illinois, Springfield, IL, for Defendants.

*ORDER*

BAKER, District Judge.

This class action alleges violation of the plaintiffs' civil rights. The action arises out of a demonstration marking the one year anniversary of a lock-out at the Staley Manufacturing Plant in Decatur, Illinois. At the demonstration, police sprayed pepper spray into the crowd of demonstrators. Count I of the amended complaint alleges violation of the Fourth Amendment as prohibited by 42 U.S.C. § 1983. Count II alleges a conspiracy to violate the constitution and § 1983. Counts III–VI allege state law violations. The defendants have moved for summary

judgment as to Counts I and II, the federal law claims. The court now denies summary judgment.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Covalt v. Carey Canada, Inc.,* 950 F.2d 481 (7th Cir.1991). On review, the district court views "all evidence in the light most favorable to the party opposing summary judgment." *Wilson v. Williams,* 997 F.2d 348 (7th Cir.1993). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party there is no 'genuine' issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

█ In this civil rights case, labor demonstrators seek damages from police officers for excessive use of force in violation of their rights under the Fourth Amendment. This is not the type of Fourth Amendment case that involves the use of force by law enforcement personnel against a fleeing felon or a rebellious prisoner in custody. This case entails the rights of citizens exercising their First Amendment rights of speech and assembly. Where activities protected under the First Amendment are involved, "the requirements of the Fourth Amendment must be applied with scrupulous exactitude." *Zurcher v. Stanford Daily,* 436 U.S. 547, 564, 98 S.Ct. 1970, 1981, 56 L.Ed.2d 525 (1978) (quoting *Stanford v. Texas,* 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L.Ed.2d 431 (1965)).

### Qualified Immunity

The defendants have raised the defense of qualified immunity. Government officials such as the Decatur police officers in this case, "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The issue of qualified immunity is a legal question for the trial court, not the jury." *Maltby v. Winston,* 36 F.3d 548, 554 (7th Cir.1994) *cert. denied,* — U.S. ——, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995). "It is the plaintiff who bears the burden of establishing the existence of the allegedly clearly established constitutional right." *Rice v. Burks,* 999 F.2d 1172, 1174 (7th Cir.1993). Plaintiffs can satisfy that burden in either of two ways: (1) pointing to a closely analogous case that established a right to be free from the type of force the police officers used, or (2) showing that the force was so plainly excessive that, as an objective matter, the police officers would have been on notice that they were violating the Fourth Amendment. *Clash v. Beatty,* 77 F.3d 1045, 1048 (7th Cir.1996).

The unique circumstances in this case clearly do not fit a pattern laid out in a closely analogous case. Both parties agree that the A.E. Staley demonstration and the police spraying of pepper gas, is a unique factual situation that has not been specifically ruled on in the Seventh Circuit or any other federal circuit. But the plaintiffs argue that they carry their burden, and avoid qualified immunity, by showing that the force was plainly excessive so that police officers should have known they were violating the Fourth Amendment. The plaintiffs rely on the uniqueness of their factual situation in that the allegedly excessive use of force was not against a fleeing criminal or an inmate, but instead was against a group of peaceful demonstrators exercising their First Amendment rights to speech and assembly.

"Although the qualified immunity determination is a legal question it is not answered in the abstract but in reference to the particular facts of the case." *Maltby,* 36 F.3d at 554 (quoting *Rakovich v. Wade,* 850 F.2d 1180, 1202 (7th Cir.) *cert. denied* 488 U.S. 968, 109 S.Ct. 497, 102 L.Ed.2d 534 (1988)). The particular facts of this case, that make qualified immunity inappropriate, are as follows. The class plaintiffs had met with the Decatur prior to their demonstration, and had discussed the upcoming demonstration. The class plaintiffs had gathered to exercise their rights of speech and association under the First Amendment. The police sprayed pepper spray into the crowd of demonstrators on two separate occasions. The spraying was in response to some type of surge against the police line.

The Decatur police do not qualify for immunity. Although there are no cases specifically stating that pepper spraying demonstrators violates the Fourth Amendment, there is enough of a widespread Constitutional and judicial protection of First Amendment demonstrators to put the police on notice that unnecessary force is prohibited. The demonstration outside A.E. Staley's was "an aspect of a basic constitutional right under the First and Fourteenth Amendments guaranteeing freedom of speech and of assembly." *Brown v. Louisiana,* 383 U.S. 131, 141, 86 S.Ct. 719, 724, 15 L.Ed.2d 637 (1966). Furthermore, the alleged excitability of the crowd of Staley demonstrators does not in any way undermine their First Amendment status. "A function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger. Speech is often provocative and challenging." *Edwards v. South Carolina,* 372 U.S. 229, 237, 83 S.Ct. 680, 684, 9 L.Ed.2d 697 (1963).

The fact that this is a Fourth Amendment case and not a First Amendment case does not diminish the First Amendment protections available to the plaintiffs. What value would the First Amendment carry if its demonstrators could be dispersed or intimidated by police brutality or unnecessary force? Qualified immunity is not widely available in an "area so closely touching our most precious freedoms." *Edenfield v. Fane,* 507 U.S. 761, 777, 113 S.Ct. 1792, 1804, 123

L.Ed.2d 543 (1993) (quoting *NAACP v. Button*, 371 U.S. 415, 435, 83 S.Ct. 328, 340, 9 L.Ed.2d 405 (1963)).

The defendants argue that the grant of qualified immunity in *Kernats v. O'Sullivan* controls the instant case. 35 F.3d 1171 (7th Cir.1994). However, *Kernats* is inapposite. *Kernats* dealt with police improperly coercing an eviction from rental property. A local police officer with no actual eviction jurisdiction threatened the *Kernats* plaintiffs in a "Wyatt Earp-like fashion," telling them to leave by sundown or the whole family would be arrested. 35 F.3d at 1174. The court sees no similarities between the *Kernats* housing eviction and the instant labor demonstration. *Kernats* did not involve First Amendment protestors, nor did it involve the use of pepper spray or chemical spray.

### Excessive Force

▮ Since the Decatur police officer defendants are not entitled to qualified immunity, the next issue is whether they are entitled to summary judgment on the issue of excessive force. They are only entitled to such summary judgment if no possible interpretation of the facts could support a finding of excessive force. The basic claim in this case is that the police officer defendants used excessive force against the class plaintiff demonstrators by spraying pepper spray into the crowd. The Supreme Court has held "that all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). "Claims of excessive force in the case of a seizure are analyzed under the objectively reasonable standard of the Fourth Amendment." *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir.1996) (citing *Connor*, 490 U.S. at 396, 109 S.Ct. at 1872).

▮ "Determining whether the amount of force used to effectuate a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests." *Graham v. Connor*, 490 U.S. at 396, 109 S.Ct. at 1871. Courts struggling with this issue are to pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id.* at 396, 109 S.Ct. at 1872.

In the instant case the *Connor* factors help the plaintiffs. The severity of the crime at issue is negligible, being at most trespass. The plaintiffs did not pose an immediate threat to the safety of the officers or others. They were unarmed protestors exercising their First Amendment rights. Under any version of the facts the demonstrators were not actively resisting arrest; they were marching, chanting and protesting. The police arrested only one demonstrator, and that was after he had been sprayed with pepper spray. The *Connor* factors highlight the uniqueness of the factual context of the instant case. This is not a typical excessive force case where the police were struggling with a fleeing felon or a rebellious prisoner. Instead, the police were monitoring a peaceful, lawful and constitutionally protected demonstration.

The case law on police use of pepper spray is limited. There are several Seventh Circuit cases involving the use of mace, a more harmful chemical spray. But the mace cases are factually dissimilar in that they involve the use of a chemical spray in a prison context. *See e.g., Soto v. Dickey*, 744 F.2d 1260 (7th Cir.1984) *cert. denied*, 470 U.S. 1085, 105 S.Ct. 1846, 85 L.Ed.2d 144 (1985); *Stringer v. Rowe*, 616 F.2d 993 (7th Cir. 1980). Mace has also been used in controlling arrestees. *See e.g., United States v. Benjamin*, 995 F.2d 756 (7th Cir.1993). But the Seventh Circuit has never addressed the use of pepper spray in a First Amendment demonstration context.

A persuasive opinion from another district court in this circuit held that the use of chemical spray to subdue an unruly trespasser did possibly constitute excessive force for

the purpose of a Fourth Amendment seizure. *Estate of Bryant v. Buchanan*, 883 F.Supp. 1222 (S.D.Ind.1995). In *Bryant*, the court denied summary judgment in part because of the *Connor* factors. "Significantly, Bryant's alleged misconduct was neither violent nor serious. There is evidence to suggest that Bryant did not pose a physical threat to either the Indiana Police Department officers, .... or that his behavior constituted anything more serious than disorderly conduct." *Bryant*, 883 F.Supp. at 1225.

The Sixth Circuit has held that an officer who sprayed mace on an individual suspected of violating the state's seat belt law used enough force to preclude summary judgment on the issue of excessive force. *Adams v. Metiva*, 31 F.3d 375 (6th Cir.1994). The *Adams* court emphasized the need for a jury determination as to whether spraying mace at the plaintiff was objectively reasonable under *Graham v. Connor*. See, *Adams*, 31 F.3d at 385–86. Like the plaintiff in *Adams*, the class plaintiffs in the instant case were involved in only negligibly criminal activity, but were subject to a chemical spray that "blinded and incapacitated" them. 31 F.3d at 387.

■ The court is not prepared to say either that the force used by the police officers in using pepper spray on the plaintiffs/demonstrators was excessive or was not excessive. Instead the court feels that in these unique, hitherto untested circumstances, involving not only Fourth Amendment concerns, but also strong First Amendment concerns, a fact finder must decide the what happened on June 25, 1994, and whether the force used by the defendants was reasonable under all of the circumstances. "The trier of fact must look to whether the officers' actions were objectively reasonable in light of the facts and circumstances confronting him." *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir.1996).

There are a number of factual uncertainties that preclude summary judgment on the issue of excessive force. How rowdy was the crowd of over 2,000 demonstrators? Apparently multiple video tapes of the demonstration exist, some taken by law enforcement personnel and others taken by demonstrators. Interpreting the facts through this filmed evidence is a job for a finder of fact. How severe was the force of the spray? Where were the police standing when they sprayed? Where were they aiming the spray?

### Conspiracy

■ In Count II of their complaint the plaintiffs allege that the defendants conspired to violate the plaintiffs' constitutional rights, specifically their Fourth Amendment right to be free from seizure by excessive force. "Whether a complaint properly alleges a conspiracy depends on whether the alleged facts support an agreement between the defendants." *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir.1991). "A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is agreement between the parties." *Kunik*, 946 F.2d at 1580 (quoting *Hampton v. Hanrahan*, 600 F.2d 600, 620–21 (7th Cir. 1979) *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)).

■ The defendants' summary judgment motion argues that because there was no possible violation of constitutional rights, therefore there can be no civil conspiracy. As the court has outlined above, the complaint does allege a possible violation of the plaintiffs' constitutional rights and so therefore if the complaint also alleges a possible agreement between the defendants, it will withstand summary judgment.

■ A civil conspiracy requires an agreement, but "the agreement need not be overt." *Kunik*, 946 F.2d at 1580. If not overt, the acts alleged "must be sufficient to raise the inference of mutual understanding." *Id.* In the instant case the class plaintiffs have alleged acts sufficient to raise an inference of mutual understanding. The alleged acts are the planning meetings of the police team that was to handle the A.E. Staley demonstration. Defendant Ryan was the commander of this team and he met with defendant Chervinko and the other police

members of the team several times before the actual June 25, 1994 demonstration. At this stage, the court construes the allegations of the complaint in the light most favorable to the plaintiffs. It may well be that at a later stage a fact finder will find the planning meetings do not support a conspiracy.

### Conclusion

The court concludes that the complaint alleges facts that could support a finding of excessive force that constitutes a seizure under the Fourth Amendment. The court also rules as a matter of law that the defendants are not entitled to qualified immunity. The court finds the Sixth Circuit's reasoning in *Adams v. Metiva* persuasive. *Adams* is instructive because the court reversed the lower court's grant of summary judgment to the police officer who sprayed mace on the plaintiff on two grounds. The court held that it was possible that macing the plaintiff constituted a seizure marked by excessive force, and the court also held that the officer who maced the plaintiff was not entitled to qualified immunity. 31 F.3d at 384–87.

IT IS THEREFORE ORDERED THAT the defendants' Motion for Summary Judgment (docket # 28) is denied.

IT IS FURTHER ORDERED THAT as a matter of law defendants are not entitled to qualified immunity.