124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry D. SMITH, Plaintiff-Appellant,
v.
John BLAKELY, et al., Defendants-Appellees.
 No. 95-1403.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 30, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 Before COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Larry Smith, an Indiana inmate, and two co-plaintiffs brought this civil rights action against various members of the Wabash County Sheriff's Department and the LaFontaine Town Marshal's Office, and others.[1] Smith alone challenges the district court's refusal to appoint counsel, its grant of summary judgment in favor of Farr, Boyer, Wheatley and Rice,[2] and its denial of his motion to amend his complaint. Because this case comes before United States on a challenge to summary judgment, we relate the facts in the light most favorable to Smith, and make all reasonable inferences in his favor. Wilson v. Williams, 997 F.2d 348, 350 (7th Cir.1993).
 
 
 2
 In the early morning hours of June 30, 1990, a burglary was committed at a lumber yard in Wabash County. Officer Jones, a LaFontaine Deputy Marshal, and Officers Blakely, Farr and Boyer (all members of the Wabash County Sheriff's Department) investigated. Approximately two hours after the completion of the investigation, Officer Jones pulled over a car in which Smith was a passenger. Smith alleged that Officer Jones was driving in an erratic manner, and that the driver of the car he was in committed no traffic violations. As the car slowed, Smith jumped out of the car and ran into a field. Officer Jones was driving an unmarked car, however, in his Complaint, Smith states that Jones accomplished the traffic stop by activating revolving red lights. Officer Jones radioed for back-up and detained the people remaining in the stopped car. Officers Blakely, Farr and Boyer arrived: Officer Blakely assisted Officer Jones, and Officers Farr and Boyer began searching the field for the passenger who fled. Approximately 50 minutes later, they found Smith. He was arrested at about 4:00 a.m. and charged with fleeing or resisting a law enforcement officer. At about 7:30 a.m. he was charged with the lumber yard burglary and the resisting law enforcement charge was dropped. Smith claims he did not receive a probable cause hearing until 2:00 p.m. on July 3, 1990 (approximately 82 hours after he was charged with fleeing, and approximately 79 hours after he was charged with burglary). Smith was later convicted of committing the lumber yard burglary.
 
 
 3
 In June 1992, Smith filed a complaint charging the defendants with various civil rights violations. He filed an amended complaint in June 1993. We relate only those allegations pertinent to this appeal. Smith claimed that Officers Boyer and Farr did not have probable cause to arrest him, and that Sheriffs Wheatley and Rice, in their individual and official capacities, violated his right to a timely probable cause hearing. The district court granted summary judgment in favor of these defendants on these claims. However, the district court allowed some claims against Officer Jones to go forward, these claims were eventually settled. Prior to the summary judgment decision, Smith twice requested the court to appoint counsel. The court denied both requests. The court also denied Smith's motion to amend his complaint, filed about three weeks after the summary judgment decision. Smith appeals these decisions.
 
 Appointment of Counsel
 
 4
 Civil litigants do not have a constitutional or statutory right to counsel. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995). Rather, district courts have the discretion to request attorneys to represent civil litigants in appropriate cases. Id. We review a court's decision not to appoint counsel for an abuse of discretion and will reverse a denial only if it amounts to a violation of due process. Id In making its decision, the district court should determine whether, given the difficulty of the case, the plaintiff appears competent to try it himself and, if not, whether the presence of counsel would make a difference in the outcome. Farmer v. Haas, 990 F.2d 3 19, 322 (7th Cir.1993). If the district court's judgment on the plaintiff's competence was reasonable at the time it was made, we will not reverse even if it later becomes apparent that the judgment was in error. Id. There is no question that Smith adequately attempted to retain private counsel. Jackson v. McLean, 953 F.2d 1070, 1073 (7th Cir.1992).
 
 
 5
 Here, the district court denied Smith's original request fir counsel because the case did not appear particularly complex, the facts surrounding the allegations were within Smith's personal knowledge, counsel was not needed to investigate the facts, and skilled cross-examination did not appear to be crucial. (Order of Aug.21, 1992 at 3.) On September 7, 1993, Smith renewed his request for counsel on the ground that it was overwhelming for him as a prisoner to understand, research and respond to the defendants' motion for summary judgment, (R. 258, Renewed Motion for Appointment of Counsel at 5-8), but again the motion was denied. (R. 333, Mem. and Order of April 8, 1994 at 4.) Given Mr. Smith's well-drafted complaint, thorough and exhaustive discovery requests, capably argued and supported motions, we cannot say the district court abused its discretion in declining to appoint counsel.
 
 Summary Judgment
 
 6
 The district court granted summary judgment in favor of defendants Boyer, Farr, Wheatley and Rice (the Wabash County defendants). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Gracia v. Volvo Europa Truck, N.V., No. 96-2774, slip op. at 4 (7th Cir. Apr. 24, 1997); Fed.R.Civ.P. 56(c). In making a summary judgment determination the record must be viewed in the light most favorable to the non-moving party. Id, We review the district court's summary judgment decision de novo. Id.
 
 
 7
 Smith sued Officers Boyer and Farr for arresting him without probable cause to believe he had committed an offense.[3] The district court held that the officers had probable cause to believe Smith had resisted law enforcement, in violation of Indiana Code § 35-44-3-3. On appeal, Smith asserts that he did not know that LaFontaine Deputy Marshal Jones was a law enforcement officer because Jones was driving an unmarked car, therefore he did not knowingly flee law enforcement. He also argues that the arresting officers (Boyer and Farr) did not identify themselves as such so he could not knowingly have resisted them. Smith maintains that he did not have the requisite mens rea to commit the offense for which he was arrested and, therefore, the officers did not have probable cause to arrest him.
 
 
 8
 However, as the district court correctly indicated, it is not necessary that Smith actually committed an offense for probable cause to have existed rather, probable cause exists when the facts within a police officer's knowledge are sufficient to warrant a prudent person's belief that a suspect has committed an offense. Illinois v. Gates, 462 U.S. 213, 244 (1983). Here, Officers Boyer and Farr had probable cause to arrest Smith. Given the information that they had--Officer Jones' statement to them that Smith fled into a specific field during a traffic stop and then discovering only Smith in that field after a 50 minute search--they reasonably believed Smith committed the offense of resisting law enforcement. Therefore, Officers Boyer and Farr were entitled to judgment as a matter of law on Smith's false arrest claim.
 
 
 9
 Smith also sued Wabash County Sheriffs Wheatley and Rice, in their individual and official capacities, for violating his right to a timely probable cause hearing on the burglary charge. Smith alleged that he did not receive a probable cause hearing until approximately 80 hours after his warrantless arrest in violation of the municipal policy and custom of providing a timely probable cause hearing. The district court granted summary judgment as to the individual capacity claim because Smith failed to allege any personal involvement on the part of Sheriffs Wheatley and Rice. Smith does not challenge this decision.
 
 
 10
 The district court also granted judgment on the official capacity claim because Smith did not allege a constitutional violation; rather, he alleged that Wabash County policy and custom was not adhered to. Moreover, Smith had produced no evidence that the sheriffs had instituted a policy or custom that denied him his constitutional rights.
 
 
 11
 On appeal, Smith asserts that the district court erred by failing to treat this claim as one against the County of Wabash. Smith is simply wrong. The court clearly stated that "[a] suit against an individual in his official capacity is simply a suit against the municipality," and addressed Smith's official capacity claim as though it was brought against the county. The district court correctly held that Smith neither alleged nor produced evidence of an unconstitutional policy or custom of Wabash County, through Sheriffs Wheatley and Rice. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983."); Forman v. Richmond Police Dep't, 104 F.3d 950, 965 (7th Cir.1997) (plaintiff had no possibility of recovery under § 1983 because the complaint contained no allegation that a municipal policy or custom violated a constitutional right). Nor could Wabash County be responsible for LaFontaine Deputy Marshal Jones' alleged failure to assure Smith a timely probable cause hearing on the burglary charge.
 
 Motion to A mend the Complaint
 
 12
 On June 29, 1994, approximately three weeks after the district court granted summary judgment in favor of the defendants here but allowed certain claims against Officer Jones to go forward, Smith requested leave to add a new claim. Specifically, he sought to allege that Wabash County had a policy or custom of failing to provide timely probable cause hearings for people arrested without a warrant. He based this allegation on a statement made by defendant Plummer in an affidavit filed in August 1993. In the affidavit Plummer stated that on the Saturday Smith was arrested "the courts of Wabash County were not in session nor scheduled to be in session until the following Monday." Smith argued that this statement constituted evidence that Wabash County had a policy of not providing timely probable cause hearings to people arrested on Friday nights and Saturdays.
 
 
 13
 The court denied the request after deciding that such an amendment would be futile as to the original defendants because none of them had authority or control over the Wabash County judicial system. As to Smith's apparent attempt to add Wabash County as a defendant, the court held that it was "far too late to be adding parties to this suit." We review this decision for an abuse of discretion, and will overturn the denial only if there was no justifying reason for it. Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir.1995).
 
 
 14
 The district court did not abuse its discretion in denying Smith's motion. The court had set July 2, 1993 as the deadline for filing such motions. Even if the evidence Smith sought to rely on did not become available to him until after this deadline, as the district court pointed out, he still waited over eight months to seek amendment without offering any explanation for the delay. Now, Smith says that he did not know he could file such a motion once the deadline had past. We find this assertion dubious at best given the number of motions for extension of time Smith filed in district court. Moreover, mistakes, even those made by pro se litigants, do not excuse unreasonable delay in defining the basis of a lawsuit. Cf McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants' mistakes about procedural rules in civil litigation ordinarily are not excused). Finally, it was patently reasonable for the district court to refuse to allow Smith to bring an entirely new claim against an entirely new defendant into this two-year old lawsuit after summary judgment had been granted on most of the original claims. Cf Kleinhans v. Lisle Sav. Profit Sharing Trust, 810 F.2d 618, 625 (7th Cir.1987) (no abuse of discretion where district court denied motion to amend when that motion appeared to represent an attempt to avoid the effect of summary judgment).
 
 
 15
 In conclusion, the district court did not abuse its discretion in declining to appoint counsel for Smith and in denying his motion to amend his complaint. Further, the court correctly granted summary judgment in favor of Officers Farr and Boyer and Sheriffs Wheatley and Rice. Finally, although Smith has not been successful here, this appeal does not count as a strike under 28 U.S.C. § 1915(g).
 
 
 16
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The original defendants were: John Blakely, Kevin Farr, John Boyer, Sandra Nelson, Larry Rice, William Wheatley--Wabash County Sheriff's Department employees--Dennis Jones, Paul Karst--LaFontaine employees--Kelly Roth, a court reporter, and Alfred Plummer III, a Wabash county prosecutor
 
 
 [2]
 On appeal, Wallace challenges only the district court's disposition of the case with regard to these four defendants. The district court dismissed the case against Roth and Plummer on the ground that both were entitled to absolute immunity. The court granted summary judgment in favor of Nelson, Karst and Blakely. Finally, the court granted partial summary judgment in favor of Jones, and the parties reached an out of court settlement on the remaining claims against him
 
 
 [3]
 The claims discussed in this section are not barred under Heck v. Humphrey, 477 (1994) because a verdict in Smith's favor would not render his burglary conviction or resulting sentence invalid